UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
RASAUN BULLOCK,

                     Plaintiff,

                     12 Civ. 5996 (DLC)

      -v-

                     ORDER

D.O.C. COMMISSIONER D. SCHRIRO and C.O.
JOHN DOE 1-100,

                    Defendants.
------------------------------------------X

DENISE COTE, District Judge:

By Order dated February 4, 2013 ("February 4 Order"), this case was dismissed for failure to prosecute because the pro se plaintiff had failed to provide the Court with a current mailing address. On March 18, the Court's Pro Se Office received a letter from the plaintiff providing the Court with a current address. Accordingly, it is hereby

ORDERED that the Clerk of Court shall reopen this case. The plaintiff is reminded that failure to keep the Court and opposing counsel apprised of his current address may result in dismissal of this case for failure to prosecute.

IT IS FURTHER ORDERED that the plaintiff's August 1 complaint shall be treated as his final complaint.

IT IS FURTHER ORDERED that all pretrial inquiry by each party into the evidence and knowledge of the other, whether by interrogatories, depositions, or production of documents shall be completed by **July 26, 2013**.

IT IS FURTHER ORDERED that any motion by the defendants for summary judgment must be served by **August 23, 2013**. If a motion is filed, any opposition must be served by **September 27, 2013**. Reply papers, if any, must be served by **October 11, 2013**. A "Notice For <u>Pro Se</u> Litigants Regarding Opposition to a Summary Judgment Motion" is attached. In addition, at the time any motion for summary judgment is served, the defendants shall provide plaintiff with a "Notice To <u>Pro Se</u> Litigant Who Opposes a Motion for Summary Judgment" pursuant to Local Civil Rule 56.2. If the defendants will not be moving for summary judgment, the defendants must notify the Court and the plaintiff by letter no later than **July 26, 2013**.

IT IS FURTHER ORDERED that either party may request an extension of the dates for the completion of discovery or for pretrial motions, and they will be extended if the party requesting the extension demonstrates that its pursuit of the action has been diligent and that there is a good reason for extending the deadline. If no extensions are granted, no discovery or pretrial motions will be permitted after the dates specified herein.

IT IS FURTHER ORDERED that within two weeks after the time for filing motions has passed if no motion is filed, or within two weeks after decision on the motion if a motion is filed, plaintiff shall file a concise, written Pretrial Statement.

Case 1:12-cv-05996-DLC   Document 26   Filed 03/20/13   Page 3 of 6

This Statement need take no particular form, but it <u>must</u> contain the following: 1) a statement of the facts plaintiff hopes to prove at trial; 2) a list of all documents or other physical objects that the plaintiff plans to put into evidence at trial; and 3) a list of the names and addresses of all witnesses plaintiff intends to have testify at trial. The Statement must be sworn by the plaintiff to be true and accurate based on the facts known by the plaintiff. Plaintiff shall file an original of this Statement with the Clerk of Court <u>and</u> serve a copy on the attorneys for defendants. The original filed with the Clerk of Court must include a certificate stating the date a copy was mailed to the attorneys for the defendants.

IT IS FURTHER ORDERED that the defendants file and serve a similar Statement of their case containing the same information two weeks after service of plaintiff's Statement. The defendants are further directed to file simultaneously with their Statement proposed findings of fact and conclusions of law, if the case is to be tried to the Court, or a proposed jury charge, if it will be tried before a jury. The <u>pro se</u> plaintiff may also file either proposed findings of fact and conclusions of law or a proposed jury charge, but the plaintiff is not required to do so.

IT IS FURTHER ORDERED that any party may be prevented from presenting at trial any information that is not included in the required Statements.

IT IS FURTHER ORDERED that when filing any papers with the Court, the parties shall provide a courtesy copy to Chambers by sending them to this Court's Pro Se Office, Room 200, United States Courthouse, 500 Pearl Street, New York, New York 10007.

IT IS FURTHER ORDERED that the defendants shall send new medical release forms to the plaintiff.  The plaintiff must execute and return the forms within two weeks of receipt.

IT IS FURTHER ORDERED that failure to comply with any of the terms of this Order may constitute grounds for the denial of requested relief, dismissal of the action, the entry of judgment by default, or such other action as may be just in the circumstances.

SO ORDERED:

Dated:   New York, New York
         March 20, 2013

                                    _____
                                            DENISE COTE
                                    United States District Judge

4

NOTICE FOR <u>PRO SE</u> LITIGANTS REGARDING

OPPOSITION TO A SUMMARY JUDGMENT MOTION[1]

When a summary judgment motion is filed, the Court will determine whether there are material facts in dispute. If there are material facts in dispute, the motion will be denied and there will be a trial to resolve the factual disputes. If there are no material facts in dispute, the motion may be granted and any claim for which summary judgment is granted will be dismissed. If summary judgment is granted for all claims, there will be no trial and the case will be closed.

A motion for summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure. Rule 56(e) says:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. <u>When a motion for summary judgment is made</u> and supported as provided in this rule, <u>an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading</u>, but the adverse party's response, <u>by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.</u> If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

(Emphasis supplied.)

Pursuant to Rule 56, any fact asserted in the motion for summary judgment that is supported by evidence that would be admissible at trial will be taken as true, unless the opponent contradicts that fact with evidence that is also admissible at trial. Admissible evidence may take the form of documents or affidavits. An affidavit must be made by someone with personal knowledge of the facts described in the affidavit and the person making the affidavit must swear that its contents are true.

---

[1] See <u>McPherson v. Coombe</u>, 174 F.3d 276 (2d Cir. 1999).

COPIES MAILED TO:

Rasaun Bullock
1020 Boynton Avenue, Apt. 4-B
Bronx, NY 10472